Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3423 | **DATE** | 11/4/2003 |
| **CASE TITLE** | BRENDA R., ET AL vs. ROSSITER, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Motion (30-) for sanctions is granted. It is hereby ordered, plaintiff, Brenda Riddick is sanctioned by fine in the amount of $200.00. The fine shall be paid to the Clerk of Court for the Northern District of Illinois, Eastern Division. Ms. Riddick or anyone acting on her behalf is prohibited from filing any papers without proof of payment of the sanction. Until then, the Clerk of Court will return, unfiled, any papers tendered in civil litigation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | DW — courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRENDA R., on behalf of her son and
daughter, MARTIN R., JR., and EBONY
N.R.,

    Plaintiffs,

v.

EMPLOYER Aurora East School District
131, Sharon Rossiter, Steven Werlein,
Joseph Kowsky; EMPLOYER Illinois State
Board of Education, Ann Breen-Greco;
EMPLOYER United States Federal Court,
Joan B. Gottschall; EMPLOYER Attorney
General's Office, Alison I. Abel;
EMPLOYER Robbins, Schwartz, Nicholas,
Lifton & Taylor, Ltd., Sarah E. Price, Laura
M. Sinars; EMPLOYER Jenner & Block,
LLC., Douglas Rees, Daniel S. Dooley,

    Defendants.

DOCKETED
NOV 1 0 2003

No. 03 C 3423
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On May 22, 2003, Plaintiff Brenda Riddick filed *pro se* the instant Request for Administrative Review in federal court on behalf of her children Martin, Jr. and Ebony pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et. seq.* (IDEA). Specifically, she challenged the June 9, 2002 Decision and Order of Hearing Officer Ann Breen-Greco who was appointed by the Illinois State Board of Education to preside over a due process hearing involving Martin's education, and who after such hearing found that "[i]n compliance with applicable law, the [Board of Education of East Aurora School District No. 131] has offered [Martin] a free appropriate public education based on an IEP, which is reasonably calculated to enable the student to receive educational benefit in the least restrictive environment.



[A]ccordingly, the District IEP complies procedurally and substantively with the IDEA." The instant lawsuit is Riddick's third *pro se* Request for Administrative Review filed against the District in less than one year. All of the cases are substantially identical.[1]

Riddick's first Request for Administrative Review against the District was filed *pro se* on August 5, 2002, and removed to this court as Case No. 02 C 6082. She filed a second Request for Administrative Review against the District on September 4, 2002, while her first case was pending. The second case was also removed to this court as Case No 02 C 6642. Both cases challenge Hearing Officer Breen-Greco's June 9, 2002, Decision and Order finding in favor of the District. The District filed separate motions to dismiss Case No. 02 C 6082 and Case No. 02 C 6642 pursuant to Federal Rule of Civil Procedure 17(c) on the grounds that a non-attorney plaintiff cannot represent her children in court. Both cases were ultimately dismissed, but Riddick did not appeal the respective decisions, and the time for filing such appeals has expired.

Despite two previous dismissals, Riddick filed a third Request for Administrative Review as Case No. 03 C 3423, the instant case. This case also named roughly a dozen other individuals and/or entities involved in the previous two cases including District employees Sharon Rossiter, Steven Werlein, and Joseph Kowsky. All defendants have been dismissed, and before me now is a motion by the District, Rossiter, Werlein, and Kowsky for sanctions against Riddick pursuant to Federal Rule of Civil Procedure 11.

---

[1] Along with the three lawsuits, Riddick has additionally filed two other related lawsuits pursuant to IDEA in this court.

Rule 11 provides that by:

> presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, –
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

Fed.R.Civ.P. 11(b). Courts may sanction parties who violate this rule. *Id.* Permissible sanctions include:

> directives of nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, and order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Fed.R.Civ.P. 11(c)(2).

Riddick's status as *pro se* litigant does not exempt her from Rule 11's prescriptions. "Frivolous, vexatious, and repeated filings by *pro se* litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit and filed by litigants willing to follow court orders." *United States ex rel. Verdone v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). Accordingly, sanctions may be imposed on *pro se* litigants if the action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Vitug v. Multistate Tax Com'n*, 883 F.Supp. 215, 218-19 (N.D.

3

Ill. 1995). In accordance with Rule 11, the Northern District of Illinois and the Seventh Circuit have prescribed the gamut of monetary and nonmonetary sanctions.[2]

In this case, Riddick's continuous filing of frivolous litigation against the District is done for no purpose other than harassment and is causing the District to incur significant legal costs and fees. Having previously brought, and lost, two nearly identical lawsuits, Riddick has been fully informed that she cannot bring a lawsuit on her children's behalf without an attorney. Yet, despite numerous rulings and two dismissals, Riddick simply rebuffs this legal reality – relentlessly persisting in filing more of the same *pro se* claims against the District, and now dozens of other named defendants. In addition, throughout the course of her litigation, Riddick has failed to obey courts orders, abandoned her own motions, failed to appear in response to other parties' dispositive motions, and failed to timely appeal unfavorable decisions from previous lawsuits as opposed to filing new lawsuits. Not surprisingly, Riddick has failed to respond to this motion for sanctions and instead has filed a self-titled "Notice of Removal." In sum, Riddick's conduct has forced this Court, the District, and other named defendants to expend

---

[2] *See, e.g., Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) (ordering serial litigant to pay a $500 fine); *Verdone*, 73 F.3d 669 (barring plaintiff from filing any papers in any federal court in the Seventh Circuit, excluding criminal and habeas corpus proceedings, without first seeking leave to file and providing a copy of proposed paper to be filed, a copy of Court's order, proof of payment of prior monetary sanctions, and a sworn affidavit by plaintiff certifying that matters raised in the proposed filing are not frivolous and have not been raised by him in prior suits); *Lysiak v. Commissioner of Internal Revenue*, 816 F.2d 311, 312-13 (7th Cir. 1987) (ordering plaintiff to seek leave before filing new pleadings certifying that such pleadings are in good faith and not frivolous where "imposition of further financial penalties will not adequately protect this Court or [plaintiff's] opponents from [plaintiff's] abusive litigation"); *More v. R&L Carriers, Inc.*, No. 00 C 5583, 2002 WL 31687655 (N.D. Ill. Nov. 27, 2002) (recommending that the Northern District of Illinois' Executive Committee limit or bar further filings by plaintiff in its district and ordering plaintiff to pay fine to court clerk in addition to reasonable costs and attorneys fees).

time and money responding to a Request for Administrative Review containing claims nearly identical to those which were repeatedly dismissed in her previous suits. Her incessant filings suggest that she will continue to file the same pleadings. Accordingly, sanctions are appropriate.

It is hereby ordered that Brenda Riddick pay a $200 fine to the court clerk. It is further ordered that Riddick, individually, with others, or through a representative, is prohibited from filing any papers in this district court without first providing proof of payment of this fine. Until then, the clerk of the court will return, unfiled, any papers she tenders in civil litigation. As for other nonmonetary sanctions, I refrain from imposing them at this point because the Seventh Circuit imposed nonmonetary sanctions in *Lysiak* only after determining that "imposition of further financial penalties will not adequately protect this Court of [plaintiff's] opponents from [plaintiff's] abusive litigation." 816 F.2d at 312-13. Here, it is too early to conclude that the fine will not prevent Riddick from further pursuing abusive litigation. In other words, the fine must be given a chance to deter her.

For the reasons above, the Motion for Sanctions filed by the East Aurora School District No. 131, Sharon Rossiter, Steven Werlein, and Joseph Kowsky is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 4 Nov 2003

5